IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Milton Joseph Taylor, | ) | C/A No. 0:12-986-JMC-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Eric Holder, *U.S. Attorney General*; U.S. | ) | |
| Parole Commission; Warden John Owens; | ) | |
| Federal Bureau of Prisons, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

The petitioner, Milton Joseph Taylor ("Taylor"), a self-represented federal prisoner currently

on "Escape status" with the Federal Bureau of Prisons ("BOP"), filed this habeas corpus action

pursuant to 28 U.S.C. § 2241.  This matter comes before the court pursuant to 28 U.S.C. § 636(b)

and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondents'

motion to dismiss.  (ECF No. 25.)  Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975),

the court advised the petitioner of the summary judgment and dismissal procedures and the possible

consequences if he failed to respond adequately to the respondents' motion.  (ECF No. 27.)  Taylor

failed to timely file a response.  Having carefully considered the parties' submissions and the record

in this case, the court concludes that the respondents' motion should be granted.

## BACKGROUND

Following a guilty plea in 2002, Taylor was given a suspended sentence and placed on

probation.  In 2004, his probation was revoked, resulting in a sentence of twenty months'

imprisonment and two years' supervised release.[1]  In 2006, Taylor was charged with administrative

---

[1] Prior to his release, it appears that the United States Parole Commission added the special
drug aftercare condition to Taylor's conditions of release.



violations of the conditions of his supervised release, resulting in a new term of imprisonment and

new term of supervised release, which included imposition of the special drug aftercare condition.

In 2008, Taylor was charged with violating the conditions of his supervised release, resulting in

another new term of imprisonment and new term of supervised release, which again included

imposition of the special drug aftercare condition.  In 2011, Taylor was charged with violating the

conditions of his supervised release, resulting in the imposition of a sixteen-month term of

imprisonment with no further supervised release term to follow.  On June 13, 2012, Taylor was

released from FCI-Williamsburg and transferred to a residential re-entry center.  On July 2, 2012,

Taylor was placed on escape status when the RRC determined that Taylor was no longer at the RRC.

(See Respts' Mem. Supp. Mot. Dismiss at 2-4, ECF No. 25 at 2-4.)

Since 2004, Taylor has filed numerous petitions for writs of habeas corpus, all of which have

been denied or dismissed.  In these petitions, Taylor's issues included challenges to the authority of

the United States Parole Commission, such as its authority to conduct revocation proceedings, forfeit

his "street time," or impose new terms of supervised release.  (See id. at 5-9.)  The crux of Taylor's

current Petition essentially challenges the computation and execution of his sentence, and it appears

to include many of the same arguments that have been previously rejected by other courts.

**DISCUSSION**

**A.    Habeas Corpus Generally**

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality

or duration of his custody.  See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  The primary means

of attacking the validity of a federal conviction and sentence is through a motion pursuant to 28

U.S.C. § 2255, while a petition for habeas corpus under § 2241 is the proper method to challenge

the computation or execution of a federal sentence.  See United States v. Little, 392 F.3d 671, 678-79



(4th Cir. 2004); United States v. Miller, 871 F.2d 488, 489-90 (4th Cir. 1989) (distinguishing

between attacks on the "computation and execution of the sentence rather than the sentence itself").

**B.     Fugitive Disentitlement Doctrine**

The respondents argue as an initial matter that this action should be dismissed pursuant to

the fugitive disentitlement doctrine.  The court agrees.

This doctrine "limits access to courts in the United States by a fugitive who has fled a

criminal conviction in a court in the United States."  In re Prevot, 59 F.3d 556, 562 (6th Cir. 1995);

see also Ortega-Rodriguez v. United States, 507 U.S. 234, 239 (1993) ("It has been settled for well

over a century that an appellate court may dismiss the appeal of a defendant who is a fugitive from

justice during the pendency of his appeal.").  It is a "discretionary device by which courts may

dismiss criminal appeals or civil actions by or against individuals who are fugitives from justice."

Gutierrez-Almazan v. Gonzales, 453 F.3d 956, 957 (7th Cir. 2006) (citing Sarlund v. Anderson, 205

F.3d 973, 974 (7th Cir. 2000)).  Although historically the fugitive disentitlement doctrine has been

applied in direct criminal appeals, courts have also applied the doctrine or similar rationale in habeas

corpus matters.  See Bagwell v. Dretke, 376 F.3d 408, 409 (5th Cir. 2004) (discussing the rationale

of the fugitive disentitlement doctrine and holding that the doctrine applied to a federal habeas

petition, but remanding for a determination of whether the doctrine's underlying justifications

supported dismissal where his petition was pending for eleven months prior to his escape, he was

out of custody for ten days, and the court dismissed the petition over seven months after he

surrendered); Gonzalez v. Stover, 575 F.2d 827 (10th Cir. 1978) (*per curiam*) (holding that where

the petitioner was a fugitive for failing to report to sentencing as ordered following his state court

conviction, the federal courts were without power to grant habeas corpus relief); United States of

America ex rel. Bailey v. United States Commanding Officer of the Office of Provost Marshal,

United States Army, 496 F.2d 324 (1st Cir. 1974) (affirming dismissal of a petitioner's habeas petition where the petitioner escaped from military custody and refused to return); Torres v. People of State of New York, 976 F. Supp. 249, 250-51 (S.D.N.Y. 1997) (dismissing a habeas petition pursuant to the fugitive disentitlement doctrine because the petitioner absconded from parole and failed to respond to a court order mailed to his last known address); Clark v. Dalsheim, 663 F. Supp. 1095, 1096-97 (S.D.N.Y. 1987) (dismissing a petition for writ of habeas corpus where the petitioner was a fugitive from parole on a state conviction he wished to challenge and from arrest warrants on other charges); United States v. Collins, 651 F. Supp. 1177, 1180 (S.D. Fla. 1987) (vacating *sua sponte* relief order and reinstating petitioner's conviction and sentence once the court learned of the petitioner's fugitive status after the court had already granted the petitioner's Section 2255 petition); Nelson v. Cozza-Rhodes, No. 05-CV-60128, 2006 WL 83064, at *1 (E.D. Mich. Jan. 11, 2006) (concluding that "federal district courts may dismiss habeas petitions if the petitioner is a fugitive from justice").  In applying this doctrine to petitions for writs of habeas corpus, one court observed that if the writ is granted the custodian would be unable to "produce the body and free the prisoner either absolutely or conditionally."  Taylor v. Egeler, 575 F.2d 773 (6th Cir. 1978); see also Crawford v. Varner, C/A No. 98-405-GMS, 2002 WL 229898, *2 (D. Del. Feb. 15, 2002) (summarily dismissing a petition filed by a current fugitive and stating that "[t]he court can discern no reason to entertain a habeas petition filed by a fugitive whose own unlawful actions preclude the very relief he seeks.").

PJG

**RECOMMENDATION**

Applying the rationale of the fugitive disentitlement doctrine to this action, the court finds

that this matter should be dismissed, and therefore recommends that the respondents' motion (ECF

No. 25) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 8, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).